IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUN 12 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SHAWN SELSKY,

    Plaintiff,

v.

IMS HEALTH INCORPORATED,

    Defendant,

C. A. No. A07CA 463SS

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**SHAWN SELSKY**, Plaintiff, complains of **IMS HEALTH INCORPORATED**, Defendant, and for cause of action against them and would show the Court as follows:

### 1. INTRODUCTION

1.1. This action seeks equitable relief, compensatory, attorneys' fees, expert witness fees, taxable court costs, pre-judgment and post-judgment interest. Plaintiff Shawn Selsky ("Plaintiff" or "Selsky") claims that IMS Health Incorporated ("IMS" or "Defendant") retaliated against her in denying her benefits under its ERISA plan.

### 2. PARTIES

2.1. Plaintiff **SHAWN SELSKY** is a resident of Austin, Travis County, Texas. At all pertinent times she was a resident of Austin, Travis County, Texas.

2.2. Defendant, **IMS HEALTH INCORPORATED,** is a foreign corporation. **IMS HEALTH INCORPORATED** and its attorney Diana L. Hoover, Mayer, Brown, Rowe & Maw, LLP, 700 Louisiana, Ste. 3400, Houston, Texas 77002 have agreed to accept service.

### 3. VENUE

3.1. Venue is appropriate in the United States District Court for the Western District of Texas, in that the corporate defendant had significant contacts within this district, the Plaintiff resided within this district at the time of her claims, and the events that gave rise to this cause of action occurred in this district.

### 4. JURISDICTION

4.1. This Court has jurisdiction of this action pursuant to Section 510 of ERISA. Section 510 may be enforced by an action under section 502(a)(3), to protect employees from actions designed to prevent the vesting of pension rights. Section 502(a)(3) authorizes an individual to institute a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

### 5. FACTS

5.1. Ms. Selsky was a 14-year employee of IMS.

5.2. In December 2005, Ms. Selsky transferred from the Plymouth Meeting, Pennsylvania office to Austin, Texas. Thereafter, she continued working for IMS out of her home office in Austin, Texas.

5.3. In October 2006, she was notified by the Chief Information Officer, Irving Tyler, that her employment with IMS would end on December 31, 2006, and that she needed to resign.[1]

---

[1] Of note, Ms. Selsky's Performance Management Plan for 2005 states "[i]n 2006-2007, Shawn's primary career development will be to make continuous process improvements to the IS Project Management Office and institute as a critical tool to prioritize IS projects and align resources to meet the business objectives." Simply, Ms. Selsky's transfer to Austin was not temporary, and IMS considered Ms. Selsky a long-term opportunity.

       In addition, Mr. Tyler told Ms. Selsky that she was not being terminated and her position was not being eliminated. Instead, she was informed that a new requirement of her position was that she work out of IMS' Pennsylvania office.

5.4. In response, Ms. Selsky sought assistance from Kathleen Shelmerdine with the Human Resources Department and was informed that she should seek opportunities where the business need could accommodate her decision to relocate to Austin.

5.5. Despite IMS' attempt to recast the chain events, Ms. Selsky asked about any open positions and was informed that there were no open positions for her in Austin.

5.6. The requirement that Ms. Selsky work out of IMS' Pennsylvania office was not a realistic option as she had settled with her family in Austin for almost a year. Moreover, her three children were enrolled in schools, and they had successfully made the transition to Austin. Simply, Ms. Selsky was not given a reasonable or realistic option to continue her employment with IMS.

5.7. Ms. Selsky made several offers to continue her employment with IMS and to continue working out of her Austin office.

5.8. IMS rejected Ms. Selsky's offers and continued to attempt to characterize Ms. Selsky's forced termination as a resignation.

5.9. IMS' actions constitute a constructive discharge. A constructive discharge occurs where an employer or its agent's conduct is so severe that a *reasonable* person in the employee's place would feel compelled to resign. Requiring Ms. Selsky to commute to Pennsylvania from Austin was unreasonable. As a result of this involuntary termination, Ms. Selsky is seeking her severance benefits under the IMS Health Incorporated Employee Protection Plan ("the Plan"). See below.

3

**Plan Coverage**

The Plan covers all full-time salaried and regular part-time salaried employees of a Participating Company who are on a United States payroll at the time they incur an 'Eligible Termination' (as defined below) and such other employees as permitted by the Plan.

These employees are referred to in this summary as 'Eligible Employees.'

Ms. Selsky is an *Eligible Employee* as she was a full-time salaried employee of IMS, and she was on its United States payroll. In addition, Ms. Selsky's separation meets the definition of an *Eligible Termination* under the Plan.

**Eligible Termination**

Severance benefits are only payable if an Eligible Employee incurs an 'Eligible Termination.' An Eligible Termination means:

(a) An involuntary termination of an Eligible Employee's employment from a Participating Company for **any** reason other than for cause or unsatisfactory performance; or

(b) A resignation by the Eligible Employee which is mutually agreed to in writing by the Participating Company and the employee and it is expressly agreed in writing that this plan will apply.

The Plan goes on to state:

An Eligible Termination does not include (1) a unilateral resignation (that is, one not agreed to in writing by the Participating Company), (2) any termination where an offer of employment is concurrently made to the Eligible Employee for a comparable position at a Participating Company.

5.10   Ms. Selsky's termination constitutes an *Eligible Termination* because she was involuntarily terminated from IMS for *a* reason other than for cause or unsatisfactory performance. This reason clearly entitles Ms. Selsky to her severance benefits as the Plan covers an *Eligible Employee* who incurs an *Eligible Termination: Termination* for "any" reason other than for cause or unsatisfactory

4

performance. Moreover, Defendant has never alleged that Ms. Selsky was terminated for cause or unsatisfactory performance under the Plan. See below.

'Cause' for this purpose means:

(a) Willful malfeasance or willful misconduct by the Eligible Employee in connection with his or her employment;

(b) Continuing failure to perform such duties as are requested by any employee to whom the Eligible Employee reports, directly or indirectly, or the Participating Company's Board of Directors;

(c) Failure by the Eligible Employee to observe material policies of the Participating Company; or

(d) The commission by the Eligible Employee of (i) any felony or (ii) any misdemeanor involving moral turpitude.

5.11 Because Ms. Selsky was an *Eligible Employee* with an *Eligible Termination*, she is entitled to receive her severance benefits under the Plan, her 2006 bonus, and the cost of outplacement services. According to Ms. Selsky, her severance benefits under the Plan should be approximately $103,824.00. See below.

   39 Weeks of salary = $80,686.00
   Full year of 2006 bonus at plan = $16,137.00
   Outplacement services (approximately) = $7,000.00

5.12 Therefore, as a result of IMS' ERISA violations, Ms. Selsky is seeking her severance benefits. Ms. Selsky is also seeking her attorney's fees, costs, and interest.

## 6. FIRST CAUSE OF ACTION: SECTION 510 EMPLOYMENT RETIREMENT INCOME SECURITY ACT ("ERISA")

6.1. Section 510 makes it illegal to discharge or discriminate against a plan participant for the purpose of interfering with the attainment of any right to which the participant may become entitled under the plan. Plaintiff alleges that Defendant's actions as described in

5

Paragraphs 5.1-5.12 show that Defendant retaliated against Plaintiff to prevent her from recovering her benefits under its ERISA plan.

## 7. ATTORNEY'S FEES

7.1. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of SHELLIST✶LAZARZ, LLP, 3D/International Tower, 1900 West Loop South, Suite 1910, Houston, Texas 77027, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees as provided by ERISA.

## 8. PRAYER

8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff has the following relief:

    8.1.1.    Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

    8.1.2.    Grant Plaintiff general and special damages for Defendant's violations of ERISA;

    8.1.3.    Pre-judgment interest at the highest legal rate;

    8.1.4.    Post-judgment interest at the highest legal rate until paid;

    8.1.5.    Attorneys' fees;

    8.1.6.    Expert witness fees;

    8.1.7.    All costs of court;

    8.1.8.    Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

_____
TODD SLOBIN
TSB # 24002953
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEY FOR PLAINTIFF

Of Counsel:
SHELLIST✶LAZARZ, LLP.

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**RECEIVED JUN 1 2 2007 SHAWN SELSKY CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY DEPUTY CLERK**

**A07CA 463SS**

## I. (a) PLAINTIFFS

## DEFENDANTS
IMS HEALTH INCORPORATED

**(b)** County of Residence of First Listed Plaintiff   TRAVIS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Todd Slobin, Shellist Lazarz LLP, 1900 West Loop S., Ste, 1910, Houston, TX 77027   Phone: 713-621-2277

Attorneys (If Known)
Diana L. Hoover, Mayer, Brown, Rowe & Maw, LLP, 700 Louisiana, Ste. 3400, Houston, TX 77002   Phone: 713-238-2628

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132 (a)(3)
Brief description of cause:
Denial of Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  06/12/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL

406607

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at Austin

RECEIVED FROM Shellist Lazarz
1900 W. Loop So., Ste 1910
Houston Tx 77027

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60.00 |
| 604700 | Registry Funds | 510000 | 190.00 |
| | General and Special Funds | 086400 | 100.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 1:07-CV-463 | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | New Case | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | Selsky v. IMS | |
| 504100 | Crime Victims Fund | Health Inc. | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn. 2650

DATE 6-12-07   Cash   Check ✓   M.O.   Credit   DEPUTY CLERK: [signature]